MR. JUSTICE SHEEHY,
dissenting:
I dissent from the foregoing opinion.
I would hold (1) the term “successor-in-interest” does not *72 include a successor in title; (2) the appeal here is not moot by virtue of the delivery of a quitclaim deed by the Highway Department to Midland Materials Co.; (3) Timothy E. Wood, by virtue of the quitclaim deed which he received from the original grantor, Edith Walters, is merely a transferee, a successor in title, and not a “successor in interest”; and (4) the quitclaim deed to Midland Materials should be held null and void, set aside, and the Highway Department ordered to follow the proper statutory procedures if it intends to sell the land in question.
The majority errs in this case because it misinterprets the term “successor in interest” both on the facts here and the applicable law.
First let us determine what a “successor-in-interest” is. It certainly is not a successor in title. The two terms are not synonymous.
“In order to be a ‘successor-in-interest,’ a party must continue to retain the same rights as the original owner without a change in ownership. There must be a change in form only and not in substance. It does not include a transfer from one party to another . . .
“The City endeavors to apply the terms ‘successor-in-interest,’ and ‘successor-in-title’ as having the same meaning, but cites no law to support this claim . . .” City of New York v. Turnpike Development Corporation (S.Ct. Kings Co. 1962), 36 Misc.2d 704, 233 N.Y.S.2d 887.
A successor-in-interest an owner of real property may be one who is substituted for the owner by operation of law, such as an heir, a personal representative, a trustee in bankruptcy, a purchaser at foreclosure, or any other change which is in form only and not in substance. It cannot include a transferee by deed or assignment from the owner because such a transferee or assignee is a successor-in- title, and not a successor-in-interest.
Moreover, on the facts of this case, there can be no “successor-in-interest,” because the original owner, Edith Walters, is at the time of these proceedings in existence and *73 very much so. The State recognized that she was in existence by serving upon her a request for a waiver of her right as the original owner. The statute which applies says:
“The owner from whom the interest is originally acquired or his successor-in-interest shall have the option to purchase the interest by offering therefore an amount of money equal to the highest bid received for the interest at the sale . . .”
It can be discerned from the terms of the statute that an owner, and the owner’s successor-in-interest, cannot coexist at the same time. If the owner exists, the successor does not. The successor-in-interest exists only if he is substituted in the place and stead of the original owner.
In this case the deed from Edith Walters to Malcolm Long specifically excepted the property known as the State Pit. Malcolm Long acquired no right, title or interest in the State Pit by virtue of his deed from Edith Walters and neither did Malcolm Long’s transferee, Midland Materials Co.
The majority relies on the interpretation of the term “successor-in- interest” by the Highway Department. Where that interpretation, a matter of law, is manifestly wrong, we should not follow such interpretation when the effect is to muddle what otherwise should be clear law.
The same logic applies to the argument of Timothy Wood. He claims to be a successor-in-interest by virtue of a quitclaim deed obtained from Edith Walters after the purported sale of the property had taken place. He did not thereby become a successor-in-interest, rather he became a successor-in-title. As a transferee, he is not a successor-in-interest. He can claim no right to meet the highest bid under section 60-4-204, MCA, as a mere transferee anymore than can Midland Materials Co. as a mere transferee.
Midland Materials Co. also contends in this case that the appeal of Timothy E. Wood is moot because a quitclaim deed has been delivered by the Highway Department to Midland. Under the facts of this case, however, the judg *74 ment is not moot. On August 24, 1982, the District Court, acting ex parte, as it may under Rule 7, M.R.App.Civ.P., issued a stay order with respect to its judgment. The judgment was to the effect that Midland, upon payment of the proper money to the Highway Department would obtain a deed to the State Pit. However the deed was not delivered by the Highway Department until after the date on which the District Court entered its supersedeas order. In that circumstance, the judgment is stayed and the issue is not moot for the purposes of Wood’s appeal. A deed takes effect only upon legal delivery. 23 Am.Jur.2d Deeds §78. Here the delivery by the Highway Department, on August 25, 1982, was too late to avoid the effect of the supersedeas order of the District Court.
The situation before us therefore should be clear: Midland Materials Co. is not a successor-in-interest to Edith Walters. Timothy Wood is not a successor-in-interest to Edith Walters. Edith Walters is no longer an owner because she has quitclaimed any interest she had in the State Pit to Timothy Wood. It should be the object of the Highway Department in selling land which it does not need to obtain the greatest sum of money that the highest bidder would agree to pay at a public auction. The actions of the Highway Department in this case have side-stepped that beneficial purpose. We should therefore order that the deed issued by the Highway Department in this case to Midland Materials Co. be declared null and void, and set aside, and the judgment reversed. If the Highway Department wishes in the future to sell the lands which would then have reverted to it, it must follow the statutory procedures, and be guided by our opinion in conducting the public auction.